ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| JORGE W. TORRES COLÓN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400312 | *Revisión Judicial* procedente del Departamento de Corrección y Rehabilitación de Puerto Rico<br><br>Querella Núm.: 215-24-001<br><br>Sobre: Querella Disciplinaria |
|---|---|---|

Panel integrado por su presidenta, la Juez Ortiz Flores, el Juez Rivera Torres, la Juez Rivera Pérez y el Juez Campos Pérez

Campos Pérez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 28 de junio de 2024.

### I.

El 13 de junio de 2024, compareció *in forma pauperis* y por derecho propio ante este foro intermedio la parte recurrente, el Sr. Jorge Torres Colón (señor Torres Colón), quien es miembro de la población correccional de la parte recurrida, Departamento de Corrección y Rehabilitación (DCR). Solicitó la revisión judicial de la *Resolución* emitida el 15 de febrero de 2024 y notificada el día 27 siguiente.[1] En la referida determinación administrativa, el DCR encontró incurso al recurrente por la comisión de los actos tipificados en los Códigos 106 *Contrabando peligroso*; 108 *Posesión, distribución, uso, venta o introducción de teléfonos celulares o equipo de telecomunicaciones* y 135 *Desobedecer una orden directa* del *Reglamento para establecer el procedimiento disciplinario de la población correccional* de 8 de octubre de 2020, Reglamento Núm. 9221. En consecuencia, los privilegios de comisaría, salvo los artículos de higiene personal, recreación activa, visitas, actividades

---

[1] Anejo 3 del recurso.

Número Identificador

SEN2024_____

especiales y cualquier otro privilegio fueron suspendidos por un término de noventa (90) días.

Inconforme con la decisión, el 28 de febrero de 2024, el recurrente presentó una *Solicitud [de] Reconsideración.*[2] En lo que atañe, en el recurso que nos ocupa, el señor Torres Colón expresó textualmente lo siguiente:

> Este peticionario de Epigrafe a hecho y a Cumplido Con todos los recursos Administrativo que brinda la Administración de Corrección y Rehabilitacion y a hecho antes que se vensa los Terminos. por otra parte desde la fecha del 28 de febrero de 2024 donde este peticionario sometio la documentación de Solicitud de Reconsideración vease (anejo 4) ya han pasado mas de (90) noventa dias y este peticionario no a recibido contesta. Como debia haber ocurrido y como decia el propio documento que se me entrego que Tenían un lazo de (90) dias para informa a este peticionario de Epigrafe el Sr. Jorge w Torres Colón y benciendose los Terminos.[3]

En efecto, al constatar las advertencias consignadas en la *Resolución* impugnada, nos percatamos que omiten dos elementos esenciales de una notificación adecuada: primero, notificar a la parte adversamente afectada que el término para acudir en revisión judicial consta de treinta (30) días; y segundo, que el foro competente es el Tribunal de Apelaciones. Veamos:

> 16. El Oficial Examinador: Advierte al Confinado que de no estar de acuerdo con la determinación del Oficial Examinador de Vistas Disciplinarias: La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, **el término para solicitar revisión** comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, **el término para solicitar revisión** empezará a contarse desde la fecha en que se archive

---

[2] Anejo 4 del recurso.
[3] Véase, *Moción Solicitando Revisión Administrativa*, págs. 6-7.

en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y **el término para solicitar la revisión judicial** empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.

Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envió [*sic*] por medio electrónico de dicha notificación, **el término** se calculará a partir de la fecha del depósito en el correo ordinario o del envió por medio electrónico, según corresponda. (Énfasis nuestro).

## II.

La Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico dispone que "[n]inguna persona será privada de su libertad o propiedad sin [el] debido proceso de ley, ni se negará a persona alguna en Puerto Rico la igual protección de las leyes". Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1. Nuestro Tribunal Supremo ha afirmado que el debido proceso de ley se refiere al "derecho de toda persona a tener un **proceso justo y con todas las debidas garantías** que ofrece la ley, tanto en el ámbito judicial como en el **administrativo***". (Énfasis nuestro). *Aut. Puertos v. HEO,* 186 DPR 417, 428 (2012), que cita a *Marrero Caratini v. Rodríguez Rodríguez,* 138 DPR 215, 220 (1995). Es decir, "el concepto *debido proceso de ley* tiene dos vertientes: la sustantiva, que se refiere a la validez de las leyes que implementa el Estado en cuanto a su protección de los derechos de los ciudadanos, y la procesal, que se enfoca en garantizar un proceso justo y equitativo ante acciones estatales que interfieran con intereses privados". *Garriga Villanueva*

*v. Mun. de San Juan*, 176 DPR 182, 196 (2009); además, *PVH Motor v. ASG*, 209 DPR 122, 130-131 (2022).

Cónsono con lo anterior, entre otros preceptos, de conformidad con la Sección 3.14 de la LPAUG, *Órdenes y Resoluciones Finales*, 3 LPRA sec. 9654, la notificación adecuada supone la advertencia del "**derecho de solicitar la reconsideración ante la agencia <u>o</u> de instar el recurso de revisión** como cuestión de derecho en el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, **con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos**". (Énfasis nuestro). Es decir, únicamente a partir de la notificación correcta es que comenzará a transcurrir el término para acudir en revisión judicial, pues **una notificación defectuosa priva de jurisdicción al foro revisor para entender en el asunto**. *PVH Motor v. ASG, supra*, pág. 132.

A esos fines, la Sección 4.2 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG)[4], 3 LPRA sec. 9672, que versa sobre los términos para presentar el recurso de revisión judicial ante este tribunal, estatuye en parte:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente **podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La

---

[4] 3 LPRA sec. 9601 *et seq.*

notificación podrá hacerse por correo. Disponiéndose, que si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

.    .    .    .    .    .    .    .

La revisión judicial aquí dispuesta será el recurso exclusivo para revisar los méritos de una decisión administrativa sea ésta de naturaleza adjudicativa o de naturaleza informal emitida al amparo de esta Ley. (Énfasis nuestro).

En el caso que la parte afectada opte por solicitar una reconsideración al foro administrativo, entonces, la Sección 3.15, *Reconsideración*, de la LPAUG, 3 LPRA sec. 9655, dispone lo que sigue:

La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.
Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio

electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda.

La notificación adecuada es un elemento indispensable del debido proceso de ley y del derecho que tiene una parte a ser oída y defenderse. *Mun. San Juan v. Plaza Las Américas*, 169 DPR 310, 329 (2006); *Rivera Rodríguez & Co. v. Stowell Taylor*, 133 DPR 881, 889 (1993). A través de la notificación de la decisión administrativa, las partes advienen en conocimiento de la acción tomada por la agencia y otorga a la parte afectada la oportunidad de decidir si solicita o no una reconsideración o un recurso de revisión judicial para impugnar la determinación. *Asoc. Vec. Altamesa Este v. Mun. San Juan*, 140 DPR 24, 34 (1996). Ante ello, resulta indispensable que se notifique adecuadamente cualquier determinación de la agencia que afecte los intereses de un ciudadano. *Mun. San Juan v. Plaza Las Américas*, *supra*, pág. 329.

**III.**

En la causa presente, la Resolución recurrida incumple crasamente con las Secciones 3.14 y 4.2 de la LPAUG, supra. En específico, omitió notificar que el término para acudir en revisión judicial consta de treinta (30) días, así como que el foro competente es el Tribunal de Apelaciones. La notificación defectuosa indujo a error al señor Torres Colón, quien esperó más de cien (100) días para solicitar la revisión de la determinación administrativa dictada en su contra.

Según esbozamos, por imperativo del debido proceso de ley y las disposiciones de la LPAUG, es indispensable que el DCR notifique correctamente sus determinaciones a la población correccional, de forma que se activen los términos para acudir en reconsideración o en revisión judicial. En este caso, la notificación defectuosa del dictamen final no activó los plazos para solicitar su

reconsideración ni la revisión ante este foro intermedio apelativo. Así, pues, debido a este defecto procesal, estamos privados de jurisdicción para atender el recurso. Toda vez que la determinación recurrida no cumple con las advertencias procedentes en Derecho, este Tribunal está obligado a desestimar el recurso por falta de jurisdicción.

**IV.**

Por lo antes consignado, se desestima el recurso de revisión judicial por falta de jurisdicción, al adolecer de prematuridad. En consecuencia, procede que el Departamento de Corrección y Rehabilitación realice la correcta notificación de la *Resolución* emitida el 15 de febrero de 2024.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones