Lucas Marrero Caratini, demandante y recurrido, *v.* Enrique Rodríguez Rodríguez ᵒet als., demandados y peticionarios.

*Número:* RE-90-405 *Resuelto:* 18 de abril de 1995

*Jorge E. Pérez Díaz, Procurador General,* y *Carlos Lugo Fiol, Procurador General Auxiliar,* abogados de los peticionarios; *Neddie Feliciano Jiménez,* abogado del recurrido.

EL JUEZ PRESIDENTE SEÑOR ANDRÉU GARCÍA emitió la opinión del Tribunal.

El presente recurso nos permite resolver la interrogante de si un empleado público, al amparo de las exigencias del debido proceso de ley, *tiene derecho a obtener todos los documentos en manos de una agencia administrativa previo a una vista administrativa informal sobre terminación de empleo,* luego de anticipársele por la autoridad nominadora la intención de destituírle de su cargo por alegada conducta ilegal. Por los fundamentos abajo expuestos, resolvémos en la negativa y procedemos a revocar la sentencia del Tribunal Superior.

## I

Resumimos, a continuación, los hechos relevantes del recurso. El demandante recurrido, Sr. Lucas Marrero Caratini, fungía como Inspector de Servicio III en la Comisión de Servicio Público (en adelante Comisión). El señor Marrero Caratini llevaba más de veintitrés (23) años en el servicio público y a la fecha del alegado incidente nunca había sido objeto de ningún tipo de señalamiento sobre conducta impropia. Sin embargo, el 10 de enero de 1990 recibió una carta suscrita por el Presidente de la Comisión, el Sr. Enrique Rodríguez Rodríguez, en la que éste le notificó a Marrero Caratini que se tomaría la medida disciplinaria de destitución del puesto que ocupaba en la agencia y se le advertía de su derecho a solicitar la celebración de una vista administrativa informal con antelación al despido.([1]) El incidente que dio base a esta acción disciplinaria tuvo lugar cuando alegadamente el señor Marrero Caratini le ofreció a un concesionario, por una determinada suma de dinero, tramitar una petición ante la agencia.([2])

---

([1]) A continuación una transcripción parcial de la carta enviada por el Presidente de la Comisión de Servicio Público:

"De acuerdo con la información que consta en su expediente personal, usted ocupa un puesto regular de Inspector de Servicio Público III en la Oficina Regional de Caguas.

. . . . . . . .

"Según surge de la información ante mi consideración, usted actuó en contravención a las disposiciones antes señaladas, lo que conlleva la acción disciplinaria de destitución del puesto que ocupa en esta agencia, por lo que le estoy notificando con antelación a la determinación de la medida disciplinaria antes señalada, para que dentro del término de diez (10) días laborables contados a partir del recibo de esta notificación, solicite vista administrativa informal al suscribiente.

"Dicha vista estará presidida por el Oficial Examinador que se designe y tendrá usted la oportunidad de comparecer por derecho propio o representado por abogado y exponer de acuerdo a su criterio las razones por las cuales no se justifica la acción disciplinaria por los cargos que se le imputan en esta notificación, y luego de haber recibido el informe correspondiente procederé a tomar la acción disciplinaria, si procediera." (Énfasis suplido.) *Exhibit* I, págs. 7 y 8.

([2]) La carta indica al respecto:

"Tengo ante mi consideración información debidamente corroborada indicativa de haber usted actuado incorrectamente hace aproximadamente seis meses, cuando

Oportunamente, el señor Marrero Caratini procedió a solicitar dicha vista informal a través de una moción presentada en la Comisión y requirió de la agencia copia de "cualquier documento, declaración o cualquier evidencia que haya servido de base para las imputaciones hechas, con antelación a la vista, a fines de preparar la defensa correspondiente ...". (Énfasis suprimido.) *Exhibit* I, pág: 10. A pesar del requerimiento, la agencia se negó a entregar la documentación fundamentando su posición en la naturaleza informal de la vista, la posterior salvaguarda procesal consistente en el derecho a solicitar y obtener una vista formal, y la interferencia indebida con la prerrogativa del Estado de destituir y tomar todas las medidas pertinentes para proteger los intereses del mismo.

Luego de varios incidentes procesales,(³) el demandante-recurrido acudió al Tribunal Superior, Sala de San Juan, (Hon. Arnaldo López Rodríguez, Juez), el cual ordenó a la agencia pública a entregar al señor Marrero Caratini cualquier información y documentos que dieron base a la agencia para justificar la destitución.(⁴)

---

un concesionario acudió a la Oficina Regional en la que usted desempeña sus funciones oficiales, a presentar una solicitud de traspaso de autorización y al comenzar los trámites de rigor usted le orientó sobre los requisitos, requiriéndole los "papeles" y que de lo demás usted se encargaría si le daba $200.00, expresándole, además, que de eso sabía usted." (Énfasis suplido.) *Exhibit* I, pág. 7.

(³) Según se desprende de los hechos probados en el Tribunal de Primera Instancia, el demandante recurrido solicitó la referida vista informal. La vista fue señalada para el 8 de febrero de 1990 y suspendida por la Honorable Examinadora para el 21 de febrero de 1990. El 16 de febrero de 1990 la Comisión canceló de nuevo la vista pautada para el 21 de febrero de 1990 hasta el 14 de marzo de 1990. El demandante recurrido recurrió al Tribunal Superior invocando su jurisdicción el 8 de marzo de 1990.

(⁴) El tribunal de instancia determinó lo siguiente:

"La sección 3.8 de la Ley Núm. 170 de 12 de agosto de 1988, conocida como la Ley de Procedimiento Administrativo Uniforme para el Estado Libre Asociado de Puerto Rico, dispone que en aquellos casos en que el procedimiento de adjudicación sea promovido a iniciativa de la agencia, como el presente caso, se le deberá garantizar al querellado el derecho al mecanismo de descubrimiento de prueba.

"Teniendo derecho el demandante al descubrimiento de prueba en el proceso administrativo, los criterios que regirán para la utilización de los mismos serán los dispuestos en la Regla 23 de las de Procedimiento Civil. Determinamos que la utilización de los diferentes mecanismos de descubrimiento de pruebas deben de estar disponibles tanto en la etapa inicial de la vista informal para escuchar la posición del

De la sentencia del tribunal de instancia acude ante nos el Procurador General. Sostiene que bajo el estado de derecho vigente la agencia sólo tiene "que proveer al empleado [público] una notificación de los cargos administrativos contra él, *una explicación* de la evidencia que posee el patrono y una oportunidad para que el empleado exponga su posición". (Énfasis en el original.) Recurso de revisión, pág. 6. Por su parte, el señor Marrero Caratini sostiene que bajo el debido proceso de ley y la Primera Enmienda de la Constitución de Estados Unidos él tiene un derecho de información sobre *toda* la prueba que el Estado tiene en su poder previo a una vista *informal* de despido.

## II

En Puerto Rico, al igual que en Estados Unidos, todo ciudadano esta cobijado por el manto protector del debido proceso de ley. Tanto la Constitución de Puerto Rico como la Constitución de Estados Unidos han consagrado el derecho de toda persona a tener un proceso justo y con todas las debidas garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo.[5] Nos enfrentamos a un principio fundamental de alta jerarquía en el que se garantiza que ninguna persona perderá su libertad o propiedad sin la oportunidad de ser oído.[6] Tal derecho nos protege de las posibles arbitrariedades de los sistemas de justicia. En Puerto Rico se reconoce el derecho y la protec-

---

querellado o sea la 'vista Cleveland v. Loudermill', como en la vista formal. ¿Cómo puede el empleado presentar su versión de los hechos en la vista informal si se le deniega aquella información que dio base precisamente para la formulación de cargos? Lo determinante no es la naturaleza de la vista sino el inicio del procedimiento de destitución, el que comienza con la notificación de cargos que se le formulan al éste solicitar la vista informal, desde ese momento quedó trabada la controversia." Sentencia de 23 de abril de 1990 del Hon. Arnaldo López Rodríguez en el caso *Marrero Caratini v. Rodríguez Rodríguez*, Civil Núm. K-PE-90-0409(904), págs. 4–5.

[5] Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1; Emda. XIV, Sec. 1, Const. EE. UU., L.P.R.A., Tomo 1.

[6] Ver *Cruz Viera v. Registrador*, 118 D.P.R. 911 (1987).

ción a un debido proceso de ley en toda actuación en la que el Estado intervenga con un ciudadano particular.[7]

■ Cuando se priva de salario, empleo o sueldo a un empleado de carrera, el Estado debe establecer unas garantías mínimas para evitar el riesgo de un dictamen érróneo.

■ En el caso de *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985),[8] el Tribunal Supremo federal reconoció que el debido proceso de ley conlleva el derecho a una vista *informal* previo al despido de un empleado público cuando la ley estatal le confiere un interés propietario en el puesto. En dicho caso, un chofer de vehículos fue despedido por el estado por haber alegadamente mentido en la solicitud de empleo. El Tribunal Supremo determinó que hay que hacer un balance entre los intereses del Estado y los del perjudicado.

El Tribunal Supremo federal nos dice:

> An essential principle of due process is that a deprivation of life, liberty, or property "be preceded by notice and opportunity for hearing ..." "before he is deprived of any significant property interest" ... This principle requires "some kind of a hearing" prior to the discharge .... *Cleveland Bd. of Educ. v. Loudermill*, supra, pág. 542.

■ En Puerto Rico, reiteramos en el caso de *Díaz Martínez v. Policía de P.R.*, 134 D.P.R. 144 (1993), que "de ordinario una vista informal previa reduce los peligros de que un procedimiento de esta índole le prive erróneamente de su interés propietario. Además, en términos del Estado, 'la concesión de una vista previa promueve su interés de garantizar un servicio público eficaz, excelente, regular y productivo' ". (Énfasis suplido.) Véanse: *Vélez Ramírez v.*

---

[7] Véase esc. 5.

[8] Véanse, además: *Davis, Administrative Law Treatise*, Sec. 13.12 (ed. 1979); H.J. Friendly, *Some Kind of Hearing*, 123 (Núm. 6) U. Pa. L. Rev. 1267 (1975).

*Romero Barceló*, 112 D.P.R. 716 (1982); *Torres Solano v. P.R.T.C.*, 127 D.P.R. 499 (1990).

Por su parte, el Prof. Demetrio Fernández Quiñones nos señala lo siguiente:

La jurisprudencia puertorriqueña ha establecido desde principios de siglo un precepto que respalda la noción del debido proceso de ley. El referido precepto exige que se conceda una audiencia en aquellos casos en los cuales el estatuto requiere que la destitución del empleado sea por justa causa. D. Fernández Quiñones, *Derecho administrativo y ley de procedimiento administrativo uniforme*, Colombia, Ed. Forum, 1993, pág. 306.

■ Sin embargo, ¿tiene el demandante-recurrido derecho a una vista formal previa antes de ser destituido sumariamente? Claramente, no. En el citado caso de *Cleveland Bd. of Educ. v. Loudermill*, supra, pág. 542, el Tribunal Supremo federal indicó que lo único que garantiza el debido proceso de ley es algún tipo de vista (*some kind of hearing*) antes de proceder a despedir a un empleado. El foro judicial establecerá un balance entre el interés del empleado público de retener su empleo y no ser despedido sin una oportunidad de ser oído, y los intereses y prerrogativas del Estado de destituir a empleados que considere un riesgo para el buen funcionamiento del Gobierno. Excepto "[e]n situaciones donde el patrono percibe un peligro significativo... al interés gubernamental si mantiene al empleado en su puesto, el curso a seguir es la suspensión del empleado con sueldo". *Torres Solano v. P.R.T.C.*, supra, pág. 524.

■ Concurrimos con el señalamiento de la Comisión de que para lograr ese balance, todo cuanto hay que proveer al empleado bajo la doctrina de *Cleveland Bd. of Educ. v. Loudermill*, supra, es: (1) una notificación, por escrito, de los cargos administrativos contra él, (2) una *descripción* de la prueba que posee el patrono, y (3) una oportunidad para que el empleado exprese su versión de lo sucedido. "La vista no debe ser compleja, complicada, ex-

tensa o formal." (Énfasis suprimido.) *Torres Solano v. P.R.T.C.*, supra, pág. 527.

En el caso de marras, el demandante recurrido recibió una notificación escrita el 5 de enero de 1990, en la que se le informaba sobre la acción que la Comisión se proponía tomar en su contra; el incidente que dio base a la destitución contemplada, y un término razonable para solicitar una vista informal. Además, se le notificó que la agencia tenía en su poder la declaración jurada de un concesionario que afirma que el demandante-recurrido le solicitó tramitar su caso por una suma de dinero. En fin, se le dio la oportunidad al señor Marrero Caratini de refutar la alegación y explicar por qué no debía ser destituido. No tiene derecho, en esta etapa del proceso, a obtener acceso a la evidencia que motiva a tomar la acción de destitución contemplada. Véase *Silva Iglecia v. F.E.I.*, 137 D.P.R. 821 (1995).

 Esta vista tipo *Cleveland Bd. of Educ. v. Loudermill, supra,* le provee al querellado la oportunidad de dar su versión de lo sucedido en un ambiente informal. Es el primer escalón procesal en el cual ambas partes expresarán en una manera informal los cargos y posibles defensas que podrán ser utilizadas posteriormente ante el foro apelativo correspondiente, en este caso la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.). La Asamblea Legislativa de Puerto Rico estableció este foro apelativo mediante el cual el empleado perjudicado por alguna acción administrativa tiene la opción de impugnar tal determinación.[9] La Sec. 3.1 de la Ley Núm. 170 de 12 de agosto de 1988, Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2151, dispone:

---

[9] La Legislatura aprobó el 14 de octubre de 1975 la Ley Núm. 5, creando la Junta de Apelaciones del Sistema de Administración de Personal, 3 L.P.R.A. sec. 1301 *et seq.*

En todo *procedimiento adjudicativo formal* ante una agencia [J.A.S.A.P.] se salvaguardarán los derechos siguientes:

(a) Derecho a notificación oportuna de los cargos o querellas o reclamos en contra de una parte.

(b) *Derecho a presentar evidencia.*

(c) Derecho a una adjudicación imparcial.

(d) Derecho a que la decisión sea basada en el expediente. (Énfasis suplido.)

Será en esta vista evidenciaria *formal*, posterior a la destitución, cuando el señor Marrero Caratini tendrá derecho a examinar y presentar toda la prueba pertinente para validar su planteamiento y refutar la que se ofreció por el Estado. No obstante, la vista ofrecida en el caso ante nos es una de índole *informal*. No es una vista evidenciaria, por lo que el demandante-recurrido no tiene derecho a descubrir la prueba en que se fundamenta la acción de destitución contemplada.

██ A menos que la ley orgánica o el reglamento de la agencia conceda mayores garantías procesales, la vista informal no establecerá procedimientos de descubrimiento de prueba, ni vistas adversativas formales, ni concederá al empleado el derecho a confrontar toda la prueba en su contra. No podemos colocar en una camisa de fuerza al Estado y dejarlo maniatado ante posibles manifestaciones de corrupción. El conceder una vista formal, previo al despido o suspensión, en todo tipo de situación administrativa, sólo duplicaría los procedimientos de adjudicación de la agencia, haciendo su labor onerosa y tardía.

Por lo tanto, no procede la solicitud del demandante-recurrido de obtener los documentos en manos de la agencia previo a la vista informal de despido.

*Se dictará sentencia revocando la dictada por el tribunal de instancia el 23 de abril de 1990 y se desestimará la demanda de injunction y sentencia declaratoria presentada*

*ante dicho tribunal en el caso KPE-90-0409, por el recu-*
*rrido Lucas Marrero Caratini.*

Los Jueces Asociados Señores Negrón García y Hernández Denton emitieron unas opiniones de conformidad. La Juez Asociada Señora Naveira de Rodón concurrió con el resultado sin opinión escrita.

— O —

Opinión de conformidad del Juez Asociado Señor Negrón García.

I

Suscribimos íntegramente la Opinión del Tribunal. Expone correctamente el ámbito definitorio de la vista informal establecida en *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532 (1985).

Sus contornos coinciden con nuestros pronunciamientos en la opinión disidente certificada en *Carrón Lamoutte v. Compañía de Turismo,* 130 D.P.R. 70, 93 (1992):[1]

"En síntesis, *Cleveland Board of Education v. Loudermill,* supra, exige que antes del despido del empleado la autoridad nominadora debe notificarle los cargos en su contra y la intención de despedirlo, y concederle la oportunidad de una vista informal para que *presente su versión de los hechos (an opportunity to present his side of the story).* De ninguna manera tiene que ser una vista formal y elaborada. La formalidad y los requisitos procesales de la vista dependerán de la importancia de los intereses en juego y de la naturaleza de los procedimientos ulteriores. No tiene que ser una vista evidenciaria completa *(full evidenciary hearing),* sino *algo menor (something less).* Tampoco tiene que resolver definitivamente la propiedad del despido, sino más bien *servir como un cotejo inicial que evita la toma de decisiones erróneas o determinación de base razonable*

---

[1] Decisión pendiente de una reconsideración presentada oportunamente por la Compañía de Turismo.

*de veracidad de los cargos que sostendrán el despido.* Después de esa vista informal podrá decretarse el despido, sujeto siempre a la celebración de una vista formal posterior que cumpla con todos los requisitos del debido proceso de ley.

El carácter informal de la vista previa al despido persigue establecer un justo balance entre el interés del empleado en la retención de su puesto y el interés del Estado en que el despido se efectúe rápidamente cuando sea meritorio. Véanse L.B. Howard, *Cleveland Board of Education v. Loudermill Procedural Due Process Protection for Public Employees,* 47 Ohio St. L.J. 1115 (1986); K.M. Murchison, 1986 *Local Government Law,* 48 La. L. Rev. 303 (1987). (Énfasis en el original suprimido y énfasis suplido.)"

## II

La contención del recurrido Lucas Marrero Caratini de que era acreedor en esa etapa a toda información, "documento, declaración o cualquier evidencia que haya servido de base para las imputaciones hechas, con antelación a la vista, a los fines de preparar la defensa correspondiente ...", ignora la informalidad de ese trámite y tiende a desnaturalizar su carácter sumario y, por ende, objetivo. (Énfasis suprimido.) Moción solicitando vista, pág. 1.

— O —

Opinión de conformidad emitida por el Juez Asociado Señor Hernández Denton.

El Procurador General recurre ante nos de la sentencia emitida por el Tribunal de Primera Instancia, Sala de San Juan (Hon. Arnaldo López Rodríguez, Juez), que dispuso que el Sr. Lucas Marrero Caratini tenía derecho a obtener todos los documentos que obraran en poder de la Comisión de Servicio Público y fueran pertinentes a su querella, previo a la vista informal para dilucidar su posible destitución. Según el tribunal de instancia, dicha determinación es consistente con la Ley de Procedimiento Admi-

nistrativo Uniforme del Estado Libre Asociado de Puerto Rico que le concede al querellado el derecho a descubrir prueba cuando es la agencia quien promueve el procedimiento adjudicativo. Véase *Lucas Marrero Caratini v. Enrique Rodríguez Rodríguez, et al.*, Civil Núm. K-PE-90-0409(904), pág. 4.

Estamos conformes con las expresiones vertidas en la Opinión de la mayoría sobre el alcance de la vista informal. Ello es así puesto que entendemos que, contrario a lo que expresa el Juez Negrón García en su Opinión de conformidad, las mismas no reflejan cambio alguno en el análisis de los propósitos y la naturaleza de la vista informal que expusimos en *Torres Solano v. P.R.T.C.*, 127 D.P.R. 499 (1990), y en *Carrón Lamoutte v. Compañía de Turismo*, 130 D.P.R. 70 (1992). Sin embargo, hemos decidido suscribir esta opinión de conformidad para expresarnos sobre la aplicabilidad de las disposiciones anteriormente mencionadas de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico a las vistas administrativas informales y reiterar nuestros anteriores pronunciamientos sobre la vista informal.

I

La Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante Ley de Procedimiento Administrativo Uniforme) fue aprobada en 1988 con el fin primordial de "alentar la solución informal de controversias administrativas" de manera que fuera innecesario resolver los asuntos sometidos ante la agencia formalmente. 3 L.P.R.A. sec. 2101. Para lograr este propósito, la ley estableció unos requisitos mínimos a seguirse, tanto en los procedimientos de reglamentación como en los de adjudicación para que, partiendo de los mismos, las agencias promulgaran "reglas y procedimientos que permit[iesen] la solución informal de los asuntos sometidos

ante su consideración sin menoscabar los derechos garantizados por [dicha ley]". Íd.

En cuanto a los mecanismos de adjudicación, la Sec. 3.1 de la Ley de Procedimiento Administrativo Uniforme, *supra*, 3 L.P.R.A. sec. 2151, establece, en lo pertinente, lo siguiente:

> Cuando por disposición de una ley, regla o reglamento o de este Capítulo una agencia deba adjudicar *formalmente* una controversia, los procedimientos deberán regirse por las disposiciones de este subcapítulo.
>
> . . . . . . . .
>
> En todo procedimiento adjudicativo *formal* ante una agencia se salvaguardarán los siguientes derechos:
> (a) Derecho a notificación oportuna de los cargos o querellas o reclamos en contra de una parte.
> (b) Derecho a presentar evidencia.
> (c) Derecho a una adjudicación imparcial.
> (d) Derecho a que la decisión sea basada en el expediente. (Énfasis suplido.)

Más específicamente, en cuanto a la aplicabilidad de los mecanismos de descubrimiento de prueba a los procedimientos adjudicativos administrativos, la Sec. 3.8 de la citada ley, 3 L.P.R.A. sec. 2158(a) dispone que:

> (a) Los procedimientos de descubrimiento de prueba no serán de aplicación a los casos de adjudicación administrativa, a menos que se autoricen en los reglamentos de procedimiento de adjudicación de la agencia y así lo autorice el funcionario que presida el procedimiento adjudicativo. No obstante lo anteriormente dispuesto, en los reglamentos de las agencias se garantizará a todo querellado el derecho a los mecanismos de descubrimiento de prueba para los casos en que el procedimiento de adjudicación sea promovido a iniciativa de la agencia.

Como expresamos anteriormente, fundamentándose en esta disposición estatutaria, el ilustrado tribunal de instancia concluyó que la agencia tenía el deber de brindarle acceso al querellado a toda la información que obrara en su contra, puesto que fue la agencia quien inició el procedimiento en contra de éste. Resulta pertinente apuntar, sin

embargo, que dicha sección está supeditada a las disposiciones de la Sec. 3.1 anteriormente citada, por lo que sólo es de aplicación a los procedimientos adjudicativos formales. Véase *Pagán Ramos v. F.S.E.* 129 D.P.R. 888 (1992).

Como dispone la opinión de la mayoría que hoy apoyamos, la vista informal requerida por el debido proceso de ley previo a la destitución de un empleado de carrera es distinta de la vista formal posterior al despido, por lo cual celebrarla no produce duplicidad ni dilaciones innecesarias. *Torres Solano v. P.R.T.C.*, supra. Su propósito no es otro que "evitar que la agencia administrativa tome una decisión errónea, privando así a una persona de su sustento diario." Íd. Es por ello que la misma "no debe ser compleja, complicada, extensa o formal. Basta con que se le permita al empleado explicar personalmente o por escrito las razones por las cuales, según él, no debe ser así disciplinado." Íd. Véanse, además: *Carrón Lamoutte v. Compañía de Turismo*, supra, en donde reiteramos las expresiones hechas en *Torres Solano v. P.R.T.C.*, supra, al disponer que los empleados de la Compañía de Turismo tienen derecho a que se les notifique de la acción en su contra y a presentar su versión de los hechos en una vista informal, y *Díaz Martínez v. Policía de P.R.*, 134 D.P.R. 144 (1993).

De lo anterior podemos colegir, como bien expresa la mayoría de este Tribunal, que el procedimiento adjudicativo informal constituye meramente el "primer escalón procesal" del procedimiento adjudicativo en contra del querellado, una vez se le notifica adecuada y oportunamente de los cargos en su contra. En esta vista se le provee una oportunidad de expresar informalmente sus defensas antes de su destitución.

Aunque somos conscientes que el ilustrado tribunal de primera instancia quería ampliar las garantías concedidas al querellado en esta primera etapa, recordemos que esta

audiencia informal no tiene el mismo alcance de la vista evidenciaria formal requerida con posterioridad a la destitución de un empleado público. El que las disposiciones sobre el descubrimiento de prueba no sean de aplicación a los procedimientos informales, sino que estén reservadas mas bien para los de naturaleza formal, no desvirtúa el propósito de la vista previa al despido. Además, promueve un mejor balance entre el derecho del empleado público a tener una oportunidad de ser oído y el derecho del estado a que los procedimientos administrativos se ventilen rápida y eficientemente.