ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (II)

| ALEXANDER BELFORT<br><br>Recurrido<br><br>v.<br><br>JUNTA DE DIRECTORES COND. MADRID PLAZA Y SU PRESIDENTE FRANCISCO J. MONTAÑEZ PRÍNCIPE; CONSEJO DE TITULARES COND. MADRID PLAZA<br><br>Recurrente | KLRA202400291 | *Revisión* procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm. C-SAN-2024-0018648<br><br>Sobre: Condominio (Ley Núm. 104 de 25 de junio de 1958, según enmendada) |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de octubre de 2024.

I.

El 25 de abril de 2024, el Sr. Alexander Belfort presentó Querella ante el Departamento de Asuntos del Consumidor (DACo) contra la Junta de Directores del Condominio Madrid Plaza, su Presidente, el Sr. Francisco J. Montañez Príncipe, y el Consejo de Titulares de dicho condominio (Junta de Directores *et al.*). Planteó, que "[d]esde el 21 de octubre de 2021 no se ha celebrado la asamblea ordinaria, la ley establece que dicha asamblea sea anual, para elegir a la nueva junta de directores. Solicitamos la intervención de DACO para que dicha asamblea sea realizada lo antes posible y/o lo que en derecho proceda".[1]

En la correspondiente *Notificación de Querella* emitida ese mismo día, el DACo informó a la Junta de Directores *et al.*: a) que oportunamente sería notificada la fecha y hora de la vista administrativa que iba a celebrarse, y b) que tenía un término de

---

[1] *Recurso,* pág. 2.

veinte (20) días contados desde la notificación de dicho documento, para presentar su contestación a la Querella. A pesar de que el término concedido vencía el 15 de mayo de 2024, el 3 de mayo de 2024, ocho (8) días después de notificada la Querella y doce (12) días antes de que venciera el término para contestar la misma, el DACo emitió *Resolución Sumaria* declarando HA LUGAR la Querella.

Insatisfecha, el 3 de junio de 2024, la Junta de Directores *et al.* recurrió ante esta curia mediante *ALEGATO EN SOLICITUD DE REVISI[Ó]N DE DECISI[Ó]N ADMINISTRATIVA*. Señala como único error, que, "ERRÓ EL DACO AL EMITIR RESOLUCIÓN SUMARIA SIN PERMITIR A LA PARTE QUERELLADA PRESENTAR SU CONTESTACIÓN, PUES DICHA ACCIÓN VIOLENTA SU REGLAMENTO Y EL DEBIDO PROCESO DE LEY".[2]

El 5 de junio de 2024 dimos plazo de treinta (30) días al Sr. Belfort para que compareciera con su alegato en oposición. Expirado el término sin que acudiera ante nos, procedemos a resolver sin el beneficio de su comparecencia.

## II.

## A.

El principal propósito del DACo es defender, vindicar e implantar los derechos de los consumidores, mediante la aplicación de las leyes que asistan sus reclamos.[3] Para ello, dicha Agencia está facultada para conceder los remedios pertinentes mediante la debida adjudicación administrativa.[4] La *Ley de Condominios de Puerto Rico*, Ley Núm. 129 de 16 de agosto de 2020, según enmendada, (Ley de Condominios)[5] concede facultad al DACo para adjudicar querellas relacionadas con acciones de impugnación

---

[2] *Recurso*, pág. 3.
[3] Art. 3 de la Ley Orgánica del Departamento de Asuntos del Consumidor, Ley Núm. 5 de 23 de abril de 1973, según enmendada, 3 LPRA § 341b; *Polanco* v. *Cacique Motors*, 165 DPR 156 (2005).
[4] 3 LPRA §§ 341h, 341i-1.
[5] 31 LPRA § 1921 *et seq.*

presentadas por titulares de un condominio. En virtud del Art. 65 del referido estatuto,[6] los titulares pueden impugnar ante el DACo acuerdos, omisiones, o actuaciones de la Junta de Directores, del administrador interino, del presidente y del secretario, concernientes a la administración del inmueble, cuando estos le sean perjudiciales al titular o a la comunidad, o que sean contrarios a la ley, escritura de constitución o reglamento del condominio.[7]

El Reglamento de Procedimientos Adjudicativos del DACo, Reglamento Núm. 8034 de 14 de junio de 2011 (Reglamento Núm. 8034), tiene un esquema uniforme de reglas para la dilucidación de las controversias sometidas a la consideración de la Agencia. Estructuralmente, DACo cuenta "con plenos poderes para adjudicar las querellas que se traigan ante su consideración y conceder los remedios pertinentes conforme a derecho".[8] Respecto a la adjudicación sumaria de las controversias, la Regla 11 del aludido Reglamento dispone:

> Órdenes y Resoluciones Sumarias: 11.1
>
> El Departamento ordenará el cumplimiento de lo que proceda conforme a Derecho **sin la celebración de Vista Administrativa, cuando luego de las partes haber hecho sus planteamientos** y de haber evaluado la evidencia, **no surja una controversia real de hechos**. En tal caso, si una de las partes solicita reconsideración, se citará a vista en reconsideración siempre que se establezca la existencia de una controversia real sobre hechos pertinentes.

Es indudable el gran valor del mecanismo de las resoluciones sumarias en nuestro ordenamiento civil.[9] Su uso correcto "evita juicios inútiles, así como los gastos de tiempo y recursos que éstos conllevan para las partes y el tribunal".[10] Además, el uso del mecanismo de sentencia sumaria propicia "la solución justa, rápida

---

[6] 31 LPRA § 1923j.

[7] *Íd.*

[8] *Ortiz Rolón* v. *Armando Soler Auto Sales, Inc.*, 202 DPR 689, 696 (2019); *Amieiro González* v. *Pinnacle Real Estate*, 173 DPR 363, 372 (2008).

[9] *Meléndez González et al.* v. *M. Cuebas*, 193 DPR 100, 112 (2015) (citando a *Ramos Pérez v. Univisión*, 178 DPR 200, 214 (2010).

[10] *Íd.*

y económica de los litigios civiles que no presenten controversias reales sobre hechos materiales, por lo que lo único que resta hacer por parte del poder judicial es aplicar el derecho".[11] Sin embargo, "[a]l evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su día en corte, componente integral del debido proceso de ley".[12]

El debido proceso de ley, cuyas garantías son aplicables en los procedimientos Administrativos, a los fines de garantizar un proceso justo y equitativo,[13] consiste del "derecho de toda persona a tener un proceso justo y con todas las garantías que ofrece la ley, tanto en el ámbito Judicial como en el administrativo".[14] En el contexto de los procedimientos administrativos, el debido proceso de ley exige: 1) notificación adecuada del proceso; 2) proceso ante un juez imparcial; 3) oportunidad de ser oído; 4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; 5) tener asistencia de abogado, y 6) que la decisión se base en el récord.[15]

### III.

En este caso, el DACo le informó a la Junta de Directores de la Querella en su contra y le otorgó un plazo de veinte (20) días para contestar la misma. No obstante, la Agencia no esperó el vencimiento de dicho plazo y sin que la Junta de Directores pudiera responder las alegaciones dictó *Resolución Sumaria* en su contra. Ello fue contrario, no solo al debido proceso de ley sino al Reglamento de Procedimientos Adjudicativos del DACo, cuya Regla

---

[11] *Meléndez* v. 193 DPR, pág. 110.
[12] *Municipio de Añasco* v. *ASES et al.,* 188 DPR 307, 327 (2013).
[13] *Báez Díaz* v. *E.L.A.,* 179 DPR 605, 623 (2010).
[14] *Aut. Puertos* v. *HEO,* 186 DPR 417 (2012); *Marrero Caratini* v. *Rodríguez Rodríguez,* 138 DPR 215 (1995); *Báez* v. 179 DPR, pág. 623; *Almonte et al.* v. *Brito,* 156 DPR 475, 482 (2002).
[15] *Rodríguez Rodríguez* v. *E.L.A.,* 130 DPR 562, 575 (1992); *Davidson* v. Cannon, 474 US 344, 348 (1986).

11.1 le exige que, antes de emitir un dictamen sumariamente sin la celebración de vista, se cerciore que las partes hayan hecho sus respectivos planteamientos. No hemos encontrado en el expediente razón que justifique su proceder.

"[L]a deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia".[16] Procede revocar el dictamen recurrido y devolver el caso al Foro Administrativo para que continue los procedimientos previa comparecencia de la Junta de Directores *et als.*, con su alegación responsiva.

IV.

Por los fundamentos expuestos, se *revoca* el dictamen recurrido. Se devuelve el caso a la Agencia recurrida para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[16] *OEG* v. *Martínez Giraud*, 210 DPR 79 (2022). Aunque los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, por su vasta experiencia y pericia, no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho. *Hernández Feliciano* v. *Mun. Quebradillas*, 211 DPR 99 (2023); *Super Asphalt* v. *AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez* v. *Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez* v. *Supte. Policía*, 201 DPR 26, 35 (2018); *Batista, Nobbe* v. *Jta. Directores*, 185 DPR 206, 216 (2012); *Torres Rivera* v. *Policía de PR*, 196 DPR 606, 628 (2016).

Si sus actuaciones son arbitrarias, ilegales o tan irrazonable que constituyan un abuso de discreción, entonces procede nuestra intervención. Sobre todo, cuando se trata de cuestiones de derecho, las cuales podemos revisar en su totalidad. 3 LPRA § 9675; *Rolón* v. 201 DPR, págs. 35-36; *Torres* v. 196 DPR, pág. 628.