<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I</td></tr>
<tr>
<td>ELIEZER SANTANA BÁEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Agencia Recurrida</td>
<td>TA2025RA00101</td>
<td>Revisión procedente del Departamento de Corrección y Rehabilitación<br><br>Respuesta de Reconsideración núm.:<br>Q-130-25<br><br>Sobre: Suministro de Medicamentos</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de agosto de 2025.

Como se explica en detalle a continuación, procede la desestimación del recurso de referencia, pues el asunto traído ante nuestra consideración por un miembro de la población correccional, no está sujeto a revisión judicial por este Tribunal.

I.

En marzo de 2025, el Sr. Eliezer Santana Báez (el "Recurrente") presentó una Solicitud de Remedio Administrativo ante el Departamento de Corrección y Rehabilitación ("Corrección"). En dicha solicitud, el Recurrente expuso que, aunque le habían entregado unos medicamentos, estos no le "hac[íian] nada"; requirió que, en vez, le suministraran un medicamento indicado por él.

A principios de abril, Corrección emitió una respuesta, mediante la cual consignó que al Recurrente sí se le estaba suministrando "regularmente" el medicamento solicitado por él (*Irbesartan* 300mg, o el "Medicamento").

El Recurrente solicitó reconsideración; insistió en que el Medicamento no se le estaba "dispensando regularmente", pues del 18 de marzo al 13 de abril, no había tenido el mismo.

El 17 de junio, Corrección emitió una Resolución en conexión con el referido escrito de reconsideración. Se le indicó al Recurrente que sus medicamentos "se le están despachando como corresponde". Además, se le orientó que, antes de acudir al mecanismo de remedios administrativos, debía "realizar todos los procedimientos internos que el Área Médica dispone".

Inconforme, el Recurrente presentó, por derecho propio, el recurso que nos ocupa, el cual se recibió el 15 de julio. Reiteró que había estado "casi un mes" sin el Medicamento, y solicitó que se "sancionara al responsable por tal interrupción". También solicitó que le ordenemos a Corrección "no interrumpir [su] tratamiento médico cuando tocara la renovación". Disponemos.

## II.

Nuestra jurisdicción para atender un recurso de revisión judicial se limita, como norma general, a la revisión de una "orden o resolución final de una agencia", luego de que se hayan "agotado todos los remedios provistos por la agencia". 3 LPRA 9672. Asimismo, la Ley de la Judicatura dispone, en su Artículo 4.006(c), que este Tribunal revisará, mediante el recurso de revisión judicial, las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. 4 LPRA sec. 24y. Esta orden o resolución final debe "incluir y exponer separadamente determinaciones de hecho … [y] conclusiones de derecho …". 3 LPRA 2165; *Comisionado Seguros v. Universal*, 167 DPR 21 (2006); véase, además, *Bennett v. Spear*, 520 US 154 (1997).

No obstante, esta jurisdicción que tenemos, para revisar decisiones administrativas, está supeditada a, y presupone, que esté involucrado algún interés propietario o libertario de la persona

afectada.[1]   Es decir, los tribunales no tenemos autoridad para expresarnos sobre controversias hipotéticas o académicas, ni sobre asuntos cuya "resolución" no incidiría sobre un interés concreto ni podría remediar algún daño claro y palpable.  Véanse, por ejemplo, *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715, 725 (1980); *E.L.A. v. Aguayo*, 80 DPR 552, 584 (1958); *RBR Const., S.E. v. A.C.*, 149 DPR 836, 846 (1999); *Fulana de Tal v. Demandado A*, 138 DPR 610, 626 esc. 6 (1995); *Moreno v. Pres. U.P.R. II*, 178 DPR 969, 974 (2010); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 942 (2011); *Hernández Torres v. Hernández Colón*, 131 DPR 593, 598 (1992); *Col. Ópticos de P.R. v. Vani Visual Center*, 124 DPR 559, 563 (1989); *Col. de Peritos Electricistas v. A.E.E.*, 150 DPR 327 (2000).

## III.

En este caso, de lo planteado por el Recurrente, surge claramente que no estamos ante un asunto justiciable sobre el cual podamos ejercer jurisdicción.  En esta etapa, lo solicitado por el Recurrente no incide sobre un interés suyo, propietario o libertario, ni se presenta algún daño claro o palpable que sea susceptible de remedio por este Tribunal.

En efecto, el Recurrente lo que solicita es que se investigue y sancione a los responsables de que él no recibiera un medicamento durante un período en el cual, según alega, debió recibirlo.  No obstante, un confinado no tiene interés propietario o libertario en determinar qué investigaciones debe (o no debe) realizar Corrección en torno a determinado asunto.  Tampoco tiene interés legítimo alguno en lo relacionado con los asuntos disciplinarios internos de

---

[1] *Véanse*, por ejemplo, *Báez Díaz v. ELA*, 179 DPR 605 (2010); *Rivera Sierra v. Superintendente Anexo 500 Guayama,* 179 DPR 98 (2010); *Álamo Romero v. Administración de Corrección*, 175 DPR 314 (2007); *R & B v. E.L.A.,* 170 DPR 606 (2007); *Olivo Román v. Secretario de Hacienda*, 164 DPR 165 (2005); *Almonte y Leduc v. Brito*, 156 DPR 475 (2002); *Marrero Caratini v. Rodríguez*, 138 DPR 215 (1995); *Baerga v. Fondo del Seguro del Estado*, 132 DPR 524 (1993); *Pension Benefit Guaranty v. LTV,* 496 US 633 (1990); *Citizens to Preserve Overton Park v. Volpe,* 401 US 402 (1971). *Véase, además*, Demetrio Fernández Quiñones, <u>Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme</u>, 3ra Edición, 2013, p. 171-282.

la agencia.     En cualquier caso, el Recurrente no ha acreditado debidamente que realmente Corrección hubiese omitido cumplir con alguna orden médica relacionada con el Medicamento.

Subrayamos, además, que el Recurrente admite que actualmente recibe el Medicamento, por lo cual tampoco tenemos ante nosotros asunto justiciable alguno al respecto.   Por su parte, no tenemos jurisdicción para, en sustitución del facultativo médico apropiado, disponer sobre cuándo Corrección debe, o no debe, suministrarle al Recurrente el Medicamento.

Así pues, ante la ausencia de algún daño claro y palpable que podamos remediar en esta etapa, y dado que los asuntos que el Recurrente nos presenta no implican interés propietario o libertario alguno de este, no estamos ante una controversia justiciable.

IV.

Por los fundamentos antes expuestos, se desestima el recurso de referencia por ausencia de jurisdicción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones