ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| OMAR RIVERA PEREZ<br>MARTÍN RAFAELLE AYALA<br>DAMARYS SELLÉS GUZMÁN<br>JUAN DÍAZ BUSQUETS<br>NELLIE DEL R. TIRADO RODRÍGUEZ<br>MARIELA TORRES MOLINI<br>MARIBEL ALICEA LUGO<br>AXEL FRESSE ÁLVAREZ<br>CLARIBEL HERNÁNDEZ LÓPEZ<br>DAMARIS M. HERNÁNDEZ CRUZ<br>BRENDA PAGAN JIMÉNEZ<br>GRETCHEN M. ACEVEDO RIVERA<br>LYDIA J. BETANCOURT MONTAÑEZ<br>OMAR SANTIAGO DUCÓS<br><br>Recurrentes<br><br><br>V.<br><br><br>ADMINISTRACIÓN DE<br>COMPENSACIONES POR<br>ACCIDENTES DE AUTOMÓVILES<br>(ACAA)<br><br>Recurridos | TA2025RA00159<br><br>TA2025RA00160<br><br>TA2025RA00161<br><br>TA2025RA00162<br><br>TA2025RA00163<br><br>TA2025RA00164<br><br>TA2025RA00165<br><br>TA2025RA00166<br><br>TA2025RA00167<br><br>TA2025RA00168<br><br>TA2025RA00169<br><br>TA2025RA00172<br><br>TA2025RA00173<br><br>TA2025RA00174<br><br>Todos Consolidados | REVISIÓN DE DECISIÓN ADMINISTRATIVA procedente de la Administración de Compensaciones por Accidentes de Automóviles<br><br>Casos Números:<br><br>JS-2024-014<br>NV-2024-008<br>NV-2024-010<br>NV-2024-005<br>NV-2024-011<br>JS-2024-013<br>NV-2024-004<br>JS-2024-009<br>NV-2024-007<br>JS-2024-005<br>JS-2024-003<br>NV-2024-003<br>JS-2024-001<br>JS2024-015<br><br>Sobre:<br>Apelación Plan de Clasificación y Estructura Salarial de los Puestos del Servicio de Carrera |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de septiembre de 2025.

Comparecen ante nos, Omar Rivera Pérez (TA2025RA00159); Martín Rafaelle Ayala (TA2025RA00160); Damarys Sellés Guzmán (TA2025RA00161); Juan Díaz Busquets (TA2025RA00162); Nellie Tirado Rodríguez (TA2025RA00163); Mariela Torres Molini (TA2025RA00164); Maribel Alicea Lugo (TA2025RA00165); Axel Fresse Álvarez (TA2025RA00166); Claribel Hernández López (TA2025RA00167); Damaris M. Hernández Cruz (TA2025RA00168); Brenda I. Pagán Jiménez (TA2025RA00169); Gretchen M. Acevedo Rivera (T2025RA00172); Lydia

J. Betancourt Montañez (TA2025RA00173); y Omar Santiago Ducós (TA2025RA00174), en adelante, en conjunto "los recurrentes."

Solicitan nuestra intervención para que dejemos sin efecto las resoluciones finales notificadas por la Administración de Compensaciones por Accidentes de Automóviles (en lo sucesivo, por sus siglas, "ACAA") en las siguientes fechas: 26 de junio de 2025; 16 de julio de 2025; 17 de julio de 2025; y 18 de julio de 2025. Los recurrentes señalan la insuficiencia de la vista informal celebrada en sus respectivos casos de impugnación del "Plan de Clasificación y Estructura Salarial para los Empleados de Carrera de ACAA" ("Plan de Clasificación").

Por los fundamentos que expondremos a continuación, *confirmamos* las resoluciones finales recurridas.

**I.**

El 27 de agosto de 2025, el recurrente Omar Rivera Pérez, presentó bajo el caso de designación alfanumérica TA2025RA00159 una "*Solicitud de Consolidación de Recursos.*"[1] Nos peticionó la consolidación de los catorce (14) recursos de epígrafe por estos versar sobre la misma cuestión de derecho esbozada en un único señalamiento de error. Tras ordenarle a ACAA que expresara su posición, el 3 de septiembre de 2025, la referida agencia se allanó a la consolidación peticionada. Así pues, luego de examinar los referidos recursos, el 11 de septiembre de 2025, ordenamos su consolidación.

El motivo de la comparecencia de los recurrentes se resume a continuación. El 16 de abril de 2024, ACAA le notificó a cada uno de éstos el Plan de Clasificación implementado. A través de dicha notificación, los recurrentes advinieron en conocimiento de la clasificación y escala retributiva que les fue asignada en virtud del referido Plan. En desacuerdo con lo dispuesto en dicho Plan, cada uno de los recurrentes instó

---

[1] El mismo día, el referido recurrente presentó ante este Tribunal una *"Moción en Auxilio de Jurisdicción al Amparo de la Regla 79 (A) de este Tribunal."* En suma, solicitó la paralización de los procedimientos de todos los casos ante ACAA en los que se impugnara el Plan de Clasificación. Luego de que la aludida agencia administrativa presentara su posición, el 12 de septiembre de 2025 esta Curia declaró *No Ha Lugar* la paralización peticionada.

individualmente un proceso de revisión administrativa ante ACAA. Notificadas las respectivas resoluciones finales, los recurrentes presentaron los catorce (14) recursos de revisión judicial que hoy ocupan a esta Curia. En cada uno de los referidos recursos se esboza el siguiente señalamiento de error:

> Erró el Juez Administrativo de la ACAA al emitir *Resolución Final* en el presente caso sobre impugnación del Plan de Clasificación y Estructura Salarial para los empleados de carrera de ACAA tras la celebración de una vista administrativa informal que no cumplió con las garantías mínimas del debido proceso de ley ni con las leyes, normas y reglamentos aplicables a la ACAA.

El 11 de septiembre de 2025, le concedimos a ACAA un término a vencer el 26 de septiembre de 2025 para que presentara su alegato en oposición. En cumplimiento de ello, ACAA presentó el correspondiente *"Alegato en Oposición."*

Con el beneficio de la comparecencia de las partes de epígrafe, procedemos a esbozar el marco doctrinal atinente al asunto ante nuestra consideración.

**II.**

**A.     Revisión Judicial y la deferencia a las decisiones administrativas:**

La revisión judicial permite a los tribunales garantizar que las agencias administrativas actúen dentro de las facultades delegadas por ley, cumplan con los mandatos constitucionales aplicables y asegura que los ciudadanos tengan un foro al cual recurrir para vindicar sus derechos. *Voilí Voilá Corp. et al v. Mun. Guaynabo,* 213 DPR 743, 753 (2024). En lo atinente, en el ámbito administrativo, los tribunales apelativos deben conceder una gran deferencia a las decisiones emitidas por las agencias administrativas debido a la vasta experiencia y conocimiento especializado en los asuntos que les han sido encomendados. *Otero Rivera v. Bella Retail Group, Inc. y otros*, 2024 TSPR 70; *Asoc. Fcias. v. Caribe Specialty et al. II.,* 179 DPR 923, 940 (2010); véanse también, *Martínez v. Rosado,* 165 DPR 582, 589, (2005); *Otero v. Toyota*, 163 DPR 716, 727 (2003).

Ahora bien, nuestro Tribunal Supremo ha reiterado que la deferencia reconocida a las decisiones de las agencias administrativas habrá de ceder, solamente, cuando la misma no esté basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley y cuando su actuación resulte ser una arbitraria, irrazonable o ilegal. *Pérez López v. Depto. Corrección*, 208 DPR 656, 673 (2022); *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 822 (2012). En el escenario particular de las cuestiones de derecho, el Tribunal Supremo ha proferido las siguientes expresiones:

> Hoy hacemos eco a las palabras del foro federal y concluimos que la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales. Así, enfatizamos la necesidad de que los foros judiciales, en el ejercicio de su función revisora, actúen con el rigor que prescribe la LPAU, supra. Como corolario, al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos. No guiados por la deferencia automática a la que alude el DACo, sino que por los mecanismos interpretativos propios del Poder Judicial. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros*, 2025 TSPR 56.

Por otra parte, nuestro Más Alto Foro ha sido enfático en que las determinaciones de hechos de organismos y agencias públicas tienen a su favor una presunción de regularidad y corrección, que debe ser respetada mientras la parte que las impugne no produzca suficiente evidencia para derrotarla. *OEG v. Martínez Giraud,* 210 DPR 79, 89 (2022); *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006); *véanse también*, *Otero v. Toyota*, supra; *Fac. C. Soc. Aplicadas, Inc. v. C.E.S.*, 133 DPR 521, 532 (1993).

**B.** **Reglamento de Personal para los Empleados Gerenciales de ACAA ("Reglamento de Personal"), aprobado por la Junta de Gobierno de la ACAA el 19 de julio de 2005 y según enmendado en el año 2016:**

La sección 5.53 del Reglamento de Personal regula los planes de clasificación. Particularmente los define como "[u]n sistema mediante el cual se estudian, analizan y ordenan en forma sistemática, los diferentes puestos que integran una organización formando clases y series de clases." El establecimiento, implantación y administración de los referidos planes se realizará de conformidad a lo que establece el aludido

Reglamento de Personal. Sección 8.1*, supra*. De igual modo, los empleados de carrera deberán dar fiel cumplimiento a los requisitos establecidos en los procesos de reclutamiento, selección y clasificación. Sección 7.1, *supra*.

Los Planes de Clasificación serán un reflejo de la situación de todos los puestos de ACAA y constituirán un inventario de los puestos autorizados. Sección 8.1*, supra*. Los referidos puestos se agruparán en clases similares a tenor de sus deberes y responsabilidades para dar igualdad de tratamiento a los recursos humanos. Sección 5.17, *supra.* En cuanto a lo que respecta al factor retributivo, éste debe promover los siguientes objetivos: a). Proveer tratamiento justo y equitativo a todo el personal en la fijación de sueldos; y b). Propiciar y estimular la ubicación del personal donde sus capacidades y potencialidades sean de mayor provecho para la agencia y al propio personal. Sección 13.1, *supra*.

El Reglamento de Personal establece además un proceso adjudicativo para que los empleados de ACAA puedan vindicar sus derechos. A tenor de lo anterior, el referido Reglamento promueve el procedimiento adjudicativo mediante la celebración de una vista administrativa informal. Mediante esta vista, se le debe garantizar al empleado su derecho a ser oído con relación a "cualquier formulación de cargos, o en relación con una cesantía, las cuales pudieran resultar en su amonestación, suspensión, separación, o destitución, o en cualquier reclamación relacionada con su empleo en la agencia." Sección 5.73, *supra.*

Como parte del procedimiento adjudicativo el precitado Reglamento faculta al Juez Administrativo a "resolver y adjudicar todas las quejas, querellas, reclamaciones o apelaciones" que radiquen los empleados cubiertos por dicho Reglamento. Sección 18.1, *supra.* El Juez Administrativo debe ser un abogado válidamente admitido a la profesión legal de Puerto Rico y tener experiencia en el tema de relaciones laborales. *Id.*

**C.      Debido Proceso de Ley:**

El Art. II, Sec. 7 de la Constitución de Puerto Rico reconoce el derecho a un debido proceso de ley como garantía protectora de los intereses de libertad y propiedad. Const. ELA [Const. PR], LPRA Tomo I. La referida salvaguarda exige que el Estado realice un procedimiento justo y equitativo al momento de intervenir con el interés propietario de una persona. *Torres Rivera v. Policía de PR*, 196 DPR 606, 624 (2016). Ante un reclamo fundamentado en la vertiente procesal del debido proceso de ley, corresponde examinar si existe un interés que amerite protección. *Id.* De responder en la afirmativa, procede evaluar cuál es el procedimiento debido. *Id.*

Nuestro Ordenamiento Jurídico reconoce que los empleados de carrera tienen un interés propietario sobre sus empleos el cual amerita protección. *Calderón Otero v. C.F.S.E.*, 181 DPR 386, 399 (2011). A la luz de las circunstancias será el proceso por seguir ante un reclamo de un empleado de carrera, aunque siempre debe prevalecer el requisito general de que el proceso gubernamental sea justo e imparcial. *Domínguez Castro et al. v. E.L.A. I,* 178 DPR 1, 47 (2010). Los requisitos para garantizar la modalidad procesal del debido proceso de ley son los siguientes: (1) la notificación adecuada del proceso; (2) un proceso ante un juez imparcial; (3) la oportunidad de ser oído; (4) el derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) el tener asistencia de abogado, y (6) que la decisión se base en el expediente del caso. *Calderón Otero v. C.F.S.E.*, supra, pág. 399.

**III.**

En esencia, los recurrentes sostienen que sus respectivos casos no son susceptibles de adjudicación mediante una vista informal. Cónsono con ello, arguyen que no le fueron garantizadas las salvaguardas procesales de la cláusula constitucional del debido proceso de ley. Al respecto, alegan que no obra evidencia en el expediente administrativo sobre el análisis de mercado utilizado para elaborar el Plan de Clasificación ni las credenciales

profesionales de las personas que colaboraron en su creación. A tenor de lo anterior, aducen que la vista informal celebrada en cada uno de sus casos es injusticia por carecer de prueba suficiente que justifique las clasificaciones asignadas. A su vez, interpretan que el Reglamento de Personal únicamente es de aplicabilidad para los casos de formulación de cargos contra un empleado y para los escenarios en que se afecte el interés propietario del empleado sobre su puesto o salario.

Por su parte, ACAA asevera que a todos los recurrentes se les garantizó el derecho a un debido proceso de ley, dado que éstos tuvieron la oportunidad de presentar prueba a su favor y sus casos fueron adjudicados por un juzgador imparcial. Además, esgrime que estos tipos de procedimientos administrativos están regulados por el Reglamento de Personal, el cual es una reglamentación interna de ACAA que establece expresamente que procesos como los aquí presentes se llevarán a cabo mediante la celebración de una vista informal. De otra parte, aduce que a ninguno de los recurrentes se le redujo el salario: en algunos casos éste fue aumentado y en otros casos permaneció inalterado.

Tras examinar la documentación ante nuestra consideración y los argumentos levantados por las partes, *confirmamos* las resoluciones finales recurridas a tenor de los argumentos que expondremos a continuación.

De entrada, hacemos referencia a los fundamentos esbozados en el caso TA2025RA00180, resuelto por este Tribunal, en el que se adjudicó el mismo señalamiento de error aquí planteado.

Habiendo establecido lo anterior, en los presentes casos consolidados los recurrentes tienen en común la impugnación de una cuestión de derecho procesal atinente a la cláusula constitucional del debido proceso de ley y la reglamentación de ACAA. Obsérvese, que no se trae ante nuestra consideración como un señalamiento de error las escalas salariales asignadas a los recurrentes ni ninguna otra cuestión fáctica relacionada al Plan de Clasificación. Siendo así, es sabido que el ejercicio

de interpretación de la ley es una tarea inherentemente judicial en la cual no existe deferencia automática para las adjudicaciones administrativas. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros*, supra. Además, en la tarea de revisión judicial se debe tomar en consideración que los procesos administrativos son de naturaleza flexible, ágil y no dotados de las trabas procesales del Tribunal General de Justicia. Es por ello, que las reglas procesales no aplican a los procedimientos administrativos de la misma forma en que obligan a los foros judiciales. De esta manera se evita desvirtuar la naturaleza cuasi judicial de los foros administrativos.

Así pues, los casos aquí presentes no son susceptibles de un proceso adjudicativo riguroso y extenso por dos (2) razones: 1) Se trastocaría la naturaleza flexible y expedita de los procesos adjudicativos de las agencias administrativas y 2) el procedimiento administrativo que se debía seguir en los presentes casos está claramente dispuesto en el Reglamento de Personal. Sobre este último, el referido Reglamento establece la celebración de vistas informales para cualquier reclamación relacionada al cargo laboral de un empleado de ACAA. La impugnación de las escalas retributivas es una cuestión que está evidentemente atada al puesto laboral de un empleado de la aludida agencia administrativa, puesto que incide en la remuneración económica que éste habría de recibir por las funciones que realiza. De manera que, los empleados que interesan impugnar el Plan de Clasificación tienen a su favor el derecho a la celebración de una vista informal.

Ahora bien, la vista informal que se debe celebrar en estos casos no puede conducirse en el vacío o fuera de parámetro alguno. Por lo cual, el Reglamento de Personal y el debido proceso de ley contemplan el requerimiento adjudicativo de resolución de casos a través de la figura de un juez imparcial. En los casos ante nos, dicho criterio fue debidamente cumplimentado puesto que cada uno de ellos fue resuelto por un Juez Administrativo que fundamentó conforme a derecho las resoluciones finales

emitidas. De tal manera, que éstas estuvieron acompañadas de determinaciones de hechos, conclusiones de derecho y la advertencia del derecho que les asiste a los recurrentes de presentar reconsideración y revisión judicial.

Además, en la realización de las vistas informales aquí impugnadas, a los recurrentes se les salvaguardó el resto de las garantías mínimas aplicables del debido proceso de ley. Particularmente, para cada uno de los casos, el Juez Administrativo notificó unas órdenes a través de las cuales se les informó a los recurrentes la naturaleza de la vista informal y sus respectivos derechos procesales. Se les advirtió de sus derechos a presentar prueba y a ser oídos. A su vez, cada uno de los recurrentes compareció a la vista informal en compañía de una representación legal y tuvo la oportunidad de examinar el expediente administrativo de sus respectivos casos. En vista de lo anterior, la conducción de los procesos administrativos de cada uno de los recurrentes fue justa e imparcial, puesto que, como cuestión de derecho, éstos gozaron de las garantías reglamentarias aplicables.

De otra parte, para este análisis es necesario hacer alusión a la implicación que tiene el Plan de Clasificación en el interés propietario que les asiste a los empleados de carrera sobre sus puestos de trabajo. Cabe señalar, que el proceso adjudicativo que se debe llevar a cabo ante reclamaciones instadas por empleados de carrera va a depender de la magnitud y forma en que se haya afectado su interés propietario. Por ejemplo, en los escenarios en que un empleado de carrera fuere despedido, éste gozará, en primer lugar, del derecho a la celebración de una vista informal y posteriormente del derecho a la celebración de una vista formal. Véase, *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 992-993 (2011); y *Marrero Caratini v. Rodríguez*, 138 DPR 215, 222-223 (1995). Cabe destacar, que en los casos de epígrafe no está en controversia el despido de un empleado de carrera y tampoco su suspensión de empleo, reducción de salario o degradación de cargo laboral. Mas bien, en los

casos aquí recurridos se cuestiona la clasificación de una escala retributiva mediante la cual el salario de los empleados fue impactado por un aumento mínimo o extenso o permaneció inalterado. Siendo así, y dado el cumplimiento de ACAA con las garantías reglamentarias y procesales aplicables, no observamos razones por las cuales los procedimientos adjudicativos celebrados tuvieran que conducirse mediante formalidades más rigurosas que las garantizadas.

Ante ello, *confirmamos* las resoluciones finales objeto de revisión judicial.

**IV.**

Por los fundamentos expuestos, *confirmamos* las resoluciones finales recurridas.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones