ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| BANCO POPULAR DE PUERTO RICO  Apelado  v.  ALFREDO HOPGOOD JOVET Y OTROS  Apelantes | KLAN202500032 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan  Caso Núm.: SJ2023CV08062  Sobre: Cobro de dinero |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de marzo de 2025.

Comparece la parte demandada y apelante, conformada por el Lcdo. Alfredo Hopgood Jovet (licenciado Hopgood Jovet) y la Lcda. Ana Otero Cintrón (licenciada Otero Cintrón). Ambos impugnan la *Sentencia* emitida el 12 de diciembre de 2024, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala de San Juan (TPI). En la aludida decisión judicial, dictada sumariamente y sin oposición, el TPI declaró Ha Lugar la *Moción solicitando se dicte sentencia sumaria* instada por la parte demandante y apelada, Banco Popular de Puerto Rico (Banco Popular). En consecuencia, condenó a los comparecientes al pago de $21,515.73 por la deuda acumulada en una tarjeta de crédito; y a satisfacer la suma de $1,075.79 por concepto de honorarios de abogado.

**I.**

La causa presente se inició el 23 de agosto de 2023, ocasión en que el Banco Popular presentó una *Demanda* sobre cobro de

Número Identificador

SEN2025_____

dinero contra los licenciados Hopgood Jovet y Otero Cintrón.[1] Alegó que la acreencia surgió de una tarjeta de crédito, solicitada y aprobada, a la que los demandados adeudaban la suma de $21,515.73. A su acción civil, el demandante unió un estado de cuenta de 28 de enero de 2023 por dicha cuantía. El Banco Popular alegó que había realizado infructuosamente gestiones de cobro extrajudiciales. Así, pues, el demandante decretó la deuda como una líquida, exigió su pago total y el reclamo de $1,075.79 por los honorarios de abogado.

El 4 de diciembre de 2023, el licenciado Hopgood Jovet presentó por derecho propio su alegación responsiva.[2] En esencia, negó la deuda alegada y el estado de cuenta anejado. Afirmó que nunca recibió el documento ni un requerimiento de pago. Sostuvo que advino en conocimiento de la deuda reclamada mediante una carta fechada el 11 de abril de 2023.[3] Además, rechazó la imposición de honorarios de abogado, ya que no había actuado temerariamente.

El 8 de diciembre de 2023, la licenciada Otero Cintrón compareció por derecho propio mediante su *Contestación a la Demanda*.[4] Aseveró que no reconocía la deuda ni el estado de cuenta incluido al no haberlo recibido, ni tampoco la carta de 17 de abril de 2023. Indicó que no se le había requerido pago alguno. La licenciada Otero Cintrón también rechazó cualquier conducta temeraria y, por ende, los honorarios solicitados bajo ese concepto en la reclamación.

Los litigantes presentaron conjuntamente el *Informe para el manejo de caso* el 1 de abril de 2024.[5] Asimismo, surge del expediente que, el 3 de abril de 2024, el TPI notificó una *Orden de*

---

[1] Apéndice, págs. 140-147. Los demandados se divorciaron el 16 de febrero de 2017; véase, Apéndice, págs. 92 y 114.
[2] Apéndice, págs. 137-139.
[3] Apéndice, pág. 55. Según el demandado, depositada en el correo el día 17 de abril de 2023.
[4] Apéndice, págs. 134-136.
[5] Apéndice, págs. 124-129; además, págs. 130-133.

*calendarización del caso y orden permanente*.[6] En lo que atañe al caso, el TPI pautó que el procedimiento de descubrimiento de prueba culminaría el 28 de junio de 2024.[7] Añadió que, a partir de esa fecha, las partes contarían con 30 días para presentar mociones dispositivas.

El 28 de junio de 2024, el licenciado Hopgood Jovet solicitó una extensión del procedimiento de descubrimiento de prueba hasta el 30 de agosto siguiente,[8] a lo que el TPI respondió que la solicitud debía ser conjunta.[9] No obstante, del expediente no se desprende la petición consensuada ni la extensión del término.

El 3 de octubre de 2024, el Banco Popular presentó una *Moción solicitando se dicte sentencia sumaria*.[10] Unió a la solicitud una declaración jurada, registros bancarios, varias cartas de cobro, incluyendo la de 11 de abril de 2023, y estados de cuenta de los años 2019 y 2020.

Mediante una *Orden*, emitida el 10 de octubre de 2024, notificada al día siguiente, el TPI intimó a los demandados a presentar su oposición el 23 de octubre de 2024.[11] Advenida la fecha, la licenciada Otero Cintrón no compareció. Mientras, el licenciado Hopgood Jovet solicitó el desglose de la petición sumaria por haberse presentado fuera del término instaurado en la *Orden de calendarización del caso y orden permanente*, sin que el Banco Popular mostrara justa causa para la demora.[12]

El TPI tomó conocimiento de las contenciones del demandado y acotó que el asunto se discutiría el 12 de noviembre de 2024.[13] Sin

---

[6] Apéndice, págs. 121-123.

[7] Refiérase a los asuntos relacionados con el descubrimiento de prueba, Apéndice, págs. 78-81; 84-91; 95-120.

[8] Apéndice, págs. 93-94.

[9] Apéndice, págs. 82-83. En la *Orden de calendarización del caso y orden permanente*, inciso 7, el TPI había indicado que toda solicitud de prórroga debía cumplir con la Regla 6.6 de Procedimiento Civil, la cual no sujeta la petición a que sea conjunta.

[10] Apéndice, págs. 32-77.

[11] Apéndice, págs. 30-31.

[12] Apéndice, págs. 27-29.

[13] Apéndice, págs. 25-26.

embargo, a la videoconferencia con antelación a juicio ninguna de las partes compareció.[14] En respuesta, en idéntica fecha, el TPI dictó la siguiente *Orden* a la que impartimos énfasis:[15]

1. Se impone una sanción económica a ambas partes, por $50, ante la incomparecencia sin causa justificada al señalamiento pautado para la mañana de hoy.

2. Se conceden 5 días a la Parte Demandada para que muestre justa causa por la cual no debamos ordenar la anotación de la rebeldía, ante su incumplimiento reiterado con las órdenes del Tribunal.

3. Se concede a la Parte Demandante un término reducido de 5 días para que muestre causa por la cual no debamos ordenar el archivo de la presente causa de acción, al amparo de la Regla 39.2(a) de Procedimiento Civil, ante su incumplimiento reiterado con las órdenes del Tribunal.

4. **Se deniega de plano la moción de sentencia sumaria presentada por la Parte Demandante, por haberse presentado fuera del término provisto para ello**.

   Se reseñala la conferencia con antelación a juicio, para el próximo miércoles, 11 de diciembre de 2024, a las 3:30 p.m.

La representación legal del Banco Popular sufragó la sanción económica y defendió la validez de la reclamación dineraria, aun cuando no solicitó reconsideración de la denegación de plano de su petición de resolución sumaria.[16] Además, admitió su negligencia y presentó sus disculpas al tribunal, toda vez que reconoció que olvidó el señalamiento. Indicó que se encontraba atendiendo otro caso en otro tribunal.

El expediente no refleja comparecencia alguna de la licenciada Otero Cintrón. Por su parte, el licenciado Hopgood Jovet solicitó reconsideración de la sanción económica. Arguyó que, luego de comunicarse con el TPI, reparó que el correo electrónico al que le enviaron el enlace estaba incorrecto.[17] El TPI declaró No Ha Lugar

---

[14] Apéndice, pág. 24.
[15] Apéndice, págs. 22-23.
[16] Véase, entradas 57, 61 y 63 en el caso SJ202308062 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[17] Apéndice, págs. 19-21.

la reconsideración de la sanción.[18] Ante ello, el licenciado Hopgood Jovet satisfizo la penalidad el 12 de diciembre de 2024.[19]

En observancia a la *Orden de calendarización del caso y orden permanente*, inciso 4, cinco días antes de la conferencia con antelación a juicio, pautada para el 11 de diciembre de 2024, el licenciado Hopgood Jovet peticionó la transferencia de la audiencia y consignó tres fechas disponibles. Indicó que por razones de salud estaba impedido de trabajar en el respectivo informe y satisfizo el arancel correspondiente.[20] Toda vez que las fechas sugeridas no eran hábiles para el TPI, **se señaló la vista de la conferencia con antelación a juicio para el 12 de febrero de 2025**.[21]

Así las cosas, el 12 de diciembre de 2024, notificada el día 13, el TPI dictó sumariamente la *Sentencia* apelada.[22] Determinó probados los siguientes hechos:

> 1. La Parte Demandante, Banco Popular de Puerto Rico, es una institución bancaria debidamente inscrita y haciendo negocios en Puerto Rico, dedicándose, entre otras actividades comerciales, a la concesión de préstamos y tarjetas de crédito.
>
> 2. El 21 de octubre de 1997, el Sr. Alfredo Hopgood Jovet aperturó un[a] línea de crédito con Citibank, en virtud de la cual dicho banco le entregó una tarjeta de crédito AAdvantage Visa Signature, con cuenta número 4549210252257980.
>
> 3. El Banco Popular de Puerto Rico adquirió toda la cartera de tarjetas de crédito de Citibank en agosto 21 de 2011.
>
> 4. El Sr. Alfredo Hopgood Jovet, ya casado con la Sra. Ana M. Otero Cintrón, la autorizó para utilizar la cuenta mencionada en el inciso 2 anterior.
>
> 5. A base de dicha autorización, el Banco Popular de Puerto Rico asignó a la Sra. Ana M. Otero Cintrón la tarjeta número 4549210275129413.
>
> 6. Una vez adquiridas las tarjetas de crédito, los demandados utilizaron las mismas hasta acumular una deuda de $21,515.73.

---

[18] Apéndice, pág. 12.
[19] Véanse, entradas 69-70 y 72 en SUMAC.
[20] Apéndice, págs. 13-18; además, entradas 66 y 68 en SUMAC.
[21] Apéndice, pág. 11.
[22] Apéndice, págs. 1-10.

7. Al presente, los codemandados se encuentran divorciados entre sí.

8. El último pago emitido por los demandados a fue el 31 de enero de 2020.

9. La parte demandante ha hecho múltiples requerimientos de pago a los codemandados, tanto por carta como por llamada telefónica, pero los esfuerzos resultaron infructuosos.

10. Que de los estados de cuenta sometidos de enero de 2019, febrero de 2019, junio de 2019 y febrero de 2020 se puede constatar que se realizaron pagos y cargos a dicha tarjeta de crédito.

11. Los codemandados no son menores de edad, ni incapacitados, ni miembros que se encuentren sirviendo en las fuerzas armadas.

Al tenor de lo anterior, declaró Ha Lugar la *Moción solicitando se dicte sentencia sumaria* del Banco Popular previamente denegada de plano y sin oposición. Consiguientemente, condenó a los demandados a pagar $21,515.73 de la deuda y $1,075.79 en honorarios de abogado. Además, en su pronunciamiento, el TPI dejó sin efecto la audiencia previamente señalada. Asimismo, el 20 de diciembre de 2024, notificó otra *Orden,* para decretar la academicidad de la solicitud de transferencia de vista previamente concedida.[23]

Inconformes con la determinación judicial, el licenciado Hopgood Jovet y la licenciada Otero Cintrón acudieron ante nos mediante un *Escrito de Apelación* e imputaron los siguientes errores:

**PRIMER SEÑALAMIENTO DE ERROR:**
EI TPI erró al dictar sentencia sumaria en contra de los apelantes, tras reconsiderar *motu proprio* su orden denegando de plano por tardía (66 días) la moción dispositiva conforme a lo solicitado en moción de desglose, sin concederle entonces a esa parte la oportunidad de expresarse sobre los méritos de la solicitud, con lo que le privó fatalmente del debido proceso de ley.

**SEGUNDO SEÑALAMIENTO DE ERROR:**
EI TPI erró al conceder la solicitud de sentencia sumaria que no cumplió con la Regla 36 de Procedimiento Civil, en la medida en que dicha solicitud no sustentó con evidencia admisible los hechos materiales necesarios y

---

[23] Véase, entrada 73 en SUMAC.

al ignorar evidencia que obraba en el expediente del TPI que controvertía genuinamente los hechos materiales propuestos.

**TERCER SEÑALAMIENTO DE ERROR:**
El TPI erró al condenar a los demandados el pago de honorarios de abogados sin que se estableciera la temeridad de esa parte o base alguna para tal remedio.

En cumplimiento de *Resolución* a esos efectos, el Banco Popular presentó *Oposición a Apelación* el 7 de febrero de 2025. Con el beneficio de ambas comparecencias, resolvemos.

**II.**

El Tribunal Supremo de Puerto Rico ha opinado que "[e]l efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales". *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR __ (2023), op. 19 de diciembre de 2023; *In re Collazo I*, 159 DPR 141, 150 (2003). Ello, "para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique". *Id.*; *Ortiz Rivera v. Agostini*, 92 DPR 187, 193-194 (1965). De esta forma, el foro primario tiene amplia discreción sobre el manejo de los casos que se ventilan ante sí. *BPPR v. SLG Gómez-López, supra*; *Vives Vázquez v. E.L.A.*, 142 DPR 117, 141 (1996). En *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306-307 (2012), la máxima curia expresó que:

> La deferencia al juicio y a la discreción del foro sentenciador está fundamentada en el principio de que los foros apelativos no pueden pretender conducir ni manejar el trámite ordinario de los casos que se ventilan ante el Tribunal de Primera Instancia. Como es harto sabido, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar y así llegar eventualmente a una disposición final.

La discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera…" *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con

aprobación en *García v. Padró*, 165 DPR 324, 334-335 (2005). Ahora bien, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por ello, nuestra última instancia judicial ha dispuesto que el ejercicio discrecional se encuentra estrechamente relacionado con el concepto de razonabilidad. *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 272 (2021). En otras palabras, la discreción no opera en un vacío y tampoco puede ser en "función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera y. J.F. Montalvo*, 189 DPR 414, 435 (2013); *Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977).

Ante lo expuesto, como regla general, los tribunales apelativos no intervenimos en la discreción de los foros primarios. *VS PR, LLC v. Drift-Wind, supra*, pág. 273; *Umpierre Matos v. Juelle, Mejía*, 203 DPR 254, 276 (2019); *Citibank et al. v. ACBI et al., supra.* Empero, la deferencia cederá si se configura un craso abuso de discreción o si el tribunal actuó con prejuicio o parcialidad, o se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y nuestra intervención evitaría un perjuicio sustancial a la parte afectada por su determinación. *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Como se sabe, en su concepción abarcadora, el debido proceso de ley se refiere al "derecho de toda persona a tener un proceso justo y con todas las debidas garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo". *Marrero Caratini v. Rodríguez Rodríguez*, 138 DPR 215, 220 (1995), refrendado en *Aut. Puertos v. HEO*, 186 DPR 417, 428 (2012). En su sustrato, este principio cardinal garantiza la oportunidad básica de

ser oído, especialmente, cuando se interviene con el derecho propietario de un individuo. Art. II, Sec. 7, Const. P.R., LPRA, Tomo 1 y Emdas. V y XIV, Const. EE. UU., LPRA, Tomo 1.

**III.**

En el primer señalamiento de error de la causa presente, la parte apelante alega que el TPI incidió al dictar sumariamente la *Sentencia*, luego de haber denegado de plano la petición de resolución abreviada por tardía y sin concederle la oportunidad de expresarse, en violación a su debido proceso de ley. Nos persuade.

En el caso de autos, de conformidad con la Regla 36.1 de Procedimiento Civil, el TPI estableció que las partes podían presentar mociones dispositivas una vez transcurrieran 30 días de culminado el procedimiento de descubrimiento de prueba, el 28 de junio de 2024. Dicho término directivo expiró el 29 de julio de 2024.[24]

El Banco Popular, sin solicitar autorización previa ni esbozar justa causa para la demora, incoó el 3 de octubre de 2024 una *Moción solicitando se dicte sentencia sumaria*. A pesar de la presentación tardía, en su sana discreción, el TPI inicialmente estuvo conteste a aceptar y dar trámite a la petición. Consecuentemente, concedió hasta el 23 de octubre de 2024 para que la parte apelante instara su postura. Ahora, conforme la fecha de notificación de la referida *Orden* el 11 de octubre de 2024, la parte apelante tuvo a su haber un breve plazo de 12 días para oponerse, distinto al término de 20 días que otorga la Regla 36.3(b) de Procedimiento Civil.

Llegado el día, la licenciada Otero Cintrón no compareció. Por su parte, el licenciado Hopgood Jovet solicitó el desglose de la solicitud por la vía de apremio, toda vez que se presentó 36 días

---

[24] El día 28 fue domingo.

después de vencido el plazo de 30 días para presentar mociones dispositivas, según pautado en el primer inciso de la *Orden de calendarización del caso y orden permanente*. En respuesta, el TPI difirió el asunto para discutirlo en la audiencia pautada para el 12 de noviembre de 2024. A la vista, sin embargo, no compareció ninguno de los contendientes.

Entonces, ese 12 de noviembre de 2024, el TPI impuso sanciones a los litigantes y denegó de plano la moción para la resolución abreviada del apelado, "por haberse presentado fuera del término provisto para ello". De esta manera, se dio por concedida la solicitud de desglose del licenciado Hopgood Jovet. El Banco Popular se allanó a la decisión, no solicitó reconsideración ni acudió ante este foro intermedio para revisar la determinación judicial. A su vez, los litigantes quedaron citados a una audiencia señalada para el 12 de febrero de 2025.

Distinto al curso pautado, luego de advenir final y firme la *Orden* que denegó de plano la solicitud de sentencia sumaria del Banco Popular, bajo el fundamento de su tardanza, satisfechas las sanciones por ambas partes, pero sin contar con la postura de la parte apelante, el TPI dictó la *Sentencia* impugnada.

Un examen detenido del tracto procesal de este caso revela la posición desventajada en que se ha colocado a la parte apelante y el perjuicio sustancial a su derecho de ser oída. En un principio, los licenciados Hopgood Jovet y Otero Cintrón no presentaron una oposición en el plazo expedito concedido. Claro está, llevados por el calendario del TPI, ni siquiera se esperaba una petición sumaria en esa etapa, por lo que el apelante decidió solicitar el desglose del escrito tardío. En la eventualidad, el TPI le dio la razón, mediante la *Orden* de 12 de noviembre de 2024, cuando la petición del Banco Popular fue denegada de plano por tardía. Esta determinación ni siquiera fue cuestionada en su día por el apelado, quien hoy omite

mencionarlo en su escrito de *Oposición a Apelación.* Por ende, luego que el TPI refrendó su solicitud de desglose y señaló una vista en enero de este año, la parte apelante no pudo advertir un dictamen sumario final en su contra, sin el beneficio de su postura.

Somos del criterio que el TPI se excedió en su discreción al dictar la *Sentencia* impugnada, luego de sorpresivamente contravenir un mes después su propia *Orden* y a base de oír únicamente a una de las partes. Dicho proceder privó a la parte apelante de su derecho a defenderse y a ser escuchada. Tómese en cuenta que, conforme al inciso 5 de la *Orden de calendarización del caso y orden permanente*, la parte apelante sólo tiene a su favor la presentación de una oposición, ya que los escritos subsiguientes sobre un mismo asunto, como la réplica o la dúplica, se tendrían por no presentados a menos que se autoricen mediante una moción fundamentada a tales efectos. Incluso, la acción judicial adoptada resta a la revisión *de novo* que esta curia debe realizar a las determinaciones judiciales sumarias. Basta examinar la discusión de los errores segundo y tercero, en que la parte apelante alude a cuestiones que debieron ser adjudicadas en primera instancia.

En *PFZ Props, Inc., v. Gen. Acc. Co.*, 136 DPR 881, 912 (1994), nuestro alto foro enunció que "el objetivo de aligerar la tramitación de un caso no puede derrotar el principio fundamental de todo proceso ante un tribunal: alcanzar una solución justa. Al dictar sentencia sumaria no se puede poner en peligro o lesionar los intereses de las partes". (Citas suprimidas). Por lo tanto, estimamos que procede la revocación del dictamen sumario apelado. Consecuentemente, en el ejercicio de su discreción, el TPI deberá establecer uno de dos cursos de acción: (1) considerar denegada de plano la *Moción solicitando se dicte sentencia sumaria* del Banco Popular por tardía, para lo que deberá señalar la vista de la conferencia con antelación a juicio; o (2) dar curso al trámite

sumario peticionado por la parte apelada y conceder el término estatuido en las normas procesales atinentes para que la parte apelante presente su oposición. Así, pues, en atención a lo antes resuelto, es innecesario dirimir los señalamientos segundo y tercero.

**IV.**

Por los fundamentos expuestos, los cuales hacemos formar parte de este dictamen, revocamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones